UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL WILLIAMSON, | No. CV-02-080-CI |
| Petitioner, | REPORT AND RECOMMENDATION TO TRANSFER SUCCESSIVE PETITION TO NINTH CIRCUIT COURT OF APPEALS |
| v. | |
| MAGGIE MILLER STOUT, | |
| Respondent. | |

BEFORE THE COURT is Petitioner's "Successive Motion" noted for expedited hearing. (Ct. Rec. 71.) Petitioner is proceeding pro se.

On August 15, 2005, the Ninth Circuit Court of Appeals issued its Mandate, affirming the dismissal of the captioned matter. In light of Petitioner's prior petition, the current petition will be treated as a second or successive petition under 28 U.S.C. § 2244.

The district court lacks authority to review successive habeas petitions filed without authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Specifically, the habeas corpus statute provides:

> **Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

*See* 28 U.S.C. § 2244(b)(3)(A); *see also* Ninth Circuit Rule 22-3. When a second or successive petition is mistakenly submitted to the

REPORT AND RECOMMENDATION TO TRANSFER SUCCESSIVE PETITION TO NINTH
CIRCUIT COURT OF APPEALS - 1

district court, that court must refer it to the Court of Appeals. Ninth Circuit Rule 22-3(a). Accordingly,

**IT IS RECOMMENDED** this case be **TRANSFERRED** to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a).

Petitioner is advised this transfer will not by itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3; he still must file an application for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2). Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not

conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to Petitioner and the referring district judge.

DATED April 17, 2006.

           S/ CYNTHIA IMBROGNO
       UNITED STATES MAGISTRATE JUDGE